| | |
|---|---|
| 1 | RICHARD T. EGGER, Bar No. 162581<br>richard.egger@bbklaw.com |
| 2 | DAMIAN A. NORTHCUTT, Bar No. 258183<br>Damian.Northcutt@bbklaw.com |
| 3 | AVI W. RUTSCHMAN, Bar No. 298922<br>avi.rutschman@bbklaw.com |
| 4 | BEST BEST & KRIEGER LLP<br>2855 E. Guasti Road, Suite 400 |
| 5 | Ontario, CA  91761<br>Telephone:  (909) 989-8584 |
| 6 | Facsimile:  (909) 944-1441 |
| 7 | Attorneys for Defendants<br>CITY OF SAN BERNARDINO; VIRGINIA |
| 8 | MARQUEZ; BENITO J. BARRIOS (erroneously<br>sued herein as BENITO J. BARRIO); JOHN |
| 9 | VALDIVIA; FRED SHORETT; BESSINE L.<br>RICHARD; JAMES L. MULVIHILL; R. CAREY |
| 10 | DAVIS; JARROD BURGUAN; PAUL WILLIAMS;<br>GARY D. SAENZ; JOLENA GRIDER; ANDREA |
| 11 | MILLER, also known as ANDREA TRAVIS<br>MILLER; AND MARK SCOTT |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| PEPE'S, INC., a California corporation dba Pepé's Towing,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN BERNARDINO, charter city organized under the laws of the State of California; VIRGINIA MARQUEZ, an individual, BENITO J. BARRIO, an individual, JOHN VALDIVIA, an individual, FRED SHORETT, an individual, BESSINE L. RICHARD, an individual, JAMES L. MULVIHILL, an individual, R. CAREY DAVIS, an individual, JARROD BURGUAN, an individual, PAUL WILLIAMS, an individual, GARY D. SAENZ, an individual, JOLENA GRIDER, an individual, ANDREA MILLER, an individual, also known as ANDREW TRAVIS MILLER, MARK SCOTT, an individual, and DOES 1-10,<br><br>Defendants. | Case No. 5:18-CV-02277-SVW (SPx)<br>Judge:  Hon. Stephen V. Wilson, Ctrm 10A<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PURSUANT TO DECISION IN PARALLEL STATE COURT PROCEEDINGS**<br><br>[Filed concurrently with:<br>1. Request for Judicial Notice; and<br>2. [Proposed] Order]<br><br>Date:     January 13, 2020<br>Time:    1:30 p.m.<br>Ctrm:    10A<br><br>Complaint:  Oct. 24, 2018<br>FAC:           Dec. 21, 2018<br>SAC:           Feb. 7, 2019<br>TAC:           Mar. 14, 2019 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 13, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 90012, Defendants will, and hereby do, move this court to abstain from further proceedings in this action, which was filed by Plaintiff Pepe's Inc.

A stay is appropriate under <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817 (1976). <u>Colorado River</u> abstention should be exercised where there is a pending state action arising out of the same controversy, based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." (<u>Id</u>.) Plaintiff's parallel state court action—styled <u>Pepe's Inc. v. City of San Bernardino, et al.</u>; Case No. CIVDS1827968—has already resulted in a judgment on the merits in favor of the City. However, because under California law "a judgment is not final for purposes of res judicata during the pendency of and until the resolution of the appeal," and because Plaintiff is currently appealing the state court judgment, that judgment is not preclusive and does not terminate this action. (<u>The Inland Oversight Committee v. City of San Bernardino</u>, 27 Cal.App.5th 771, 780 (2018).) Thus, absent a stay, there is a significant risk that conflicting judgments could be issued in these parallel proceedings. Furthermore, given that discovery has yet to commence in this lawsuit, a stay would also promote the conservation of judicial resources. Ultimately, the majority of factors to be considered under <u>Colorado River</u> weigh in favor of a stay.

This motion is brought pursuant to Federal Rules of Civil Procedure 7(b) on the grounds that while jurisdiction in this court is proper, it is appropriate for this court to abstain from exercising its jurisdiction over the claims raised in the Complaint because, pursuant to the <u>Colorado River</u> doctrine, there is a pending state

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CA 91761

55600.00507\32521725.8 | 1 | Case No. 5:18-cv-02277-SVW (SPx)
DEFENDANTS' NOTICE OF MOTION AND MOTION
TO STAY PROCEEDINGS

court action arising out of the same controversy and consideration of conservation of judicial resources and comprehensive disposition of litigation weigh in favor of abstention.

This motion is supported by this notice, the memorandum of points and authorities served and filed herewith, the pleadings, files and records in this action, the declaration filed herewith, and all matters upon which the court may and does take judicial notice.

This Motion is made following multiple meet and confer conferences of counsel on September 20, 2019 and October 9, 2019 via telephone. During these conferences, counsel discussed filing a motion to stay pursuant to the <u>Colorado River</u> doctrine.

For the reasons set forth herein and those discussed in its memorandum of points and authorities, the City respectfully requests the Court stay further proceedings in this action until the state law issues are resolved in state court or, alternatively, the state court proceedings are resolved.

Dated: December 13, 2019     BEST BEST & KRIEGER LLP

By: */s/ Richard T. Egger*
RICHARD T. EGGER
DAMIAN A. NORTHCUTT
AVI W. RUTSCHMAN
Attorneys for Defendants
CITY OF SAN BERNARDINO;
VIRGINIA MARQUEZ, BENITO J. BARRIOS, JOHN VALDIVIA, FRED SHORETT, BESSINE L. RICHARD, JAMES L. MULVIHILL, R. CAREY DAVIS, JARROD BURGUAN, PAU. WILLIAMS, GARY D. SAENZ, JOLENA GRIDER, ANDREA MILLER, ANDREA TRAVIS MILLER; and MARK SCOTT

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1
II. BACKGROUND .................................................................................................2
III. THE COURT SHOULD ABSTAIN IN ACCORDANCE WITH COLORADO RIVER ............................................................................................5
    A. The Threshold Question of Whether the Cases Are Substantially Similar Is Satisfied ...................................................................................5
    B. The Majority of Factors Favor a Stay....................................................7
        1. Which Court First Assumed Jurisdiction Over Any Property at Stake .................................................................8
        2. The Inconvenience of the Federal Forum................................8
        3. The Desire to Avoid Piecemeal Litigation ..............................8
        4. The Order in Which the Forums Obtained Jurisdiction ...........10
        5. Whether Federal Law or State Law Provides the Rule of Decision on the Merits ..........................................................11
        6. Whether the State Court Proceedings Can Adequately Protect the Rights of the Federal Litigants ..............................11
        7. The Desire to Avoid Forum Shopping ...................................12
        8. Whether the State Court Proceedings Will Resolve All Issues Before the Federal Court ..............................................12
    C. Abstention Under Colorado River Requires a Stay Pending Completion of the State Proceedings..................................................13
IV. CONCLUSION .................................................................................................13

# TABLE OF AUTHORITIES

Page

**Federal Cases**

Abcarian v. Levine
  CV 16-7106-GHK, 2016 WL 7189899 (C.D. Cal. Nov. 28, 2016) ...................... 6

Am. Int'l Underwriters (Philippines) Inc. v. Cont'l Ins. Co.
  843 F.2d 1253 (9th Cir. 1988) ........................................................................... 8

Attwood v. Mendocino Coast Dist. Hosp.
  886 F.2d 241 (9th Cir. 1989) ........................................................................... 13

Colorado River Water Conservation Dist. v. U.S.
  424 U.S. 800 (1976) ............................................................................... 5, 9, 13

Fireman's Fund Ins. Co. v. Quackenbush
  87 F.3d 290 (9th Cir. 1996) ............................................................................... 6

Gintz v. Jack In The Box, Inc.
  No. C 06-02857, 2006 WL 3422222 (N.D. Cal. Nov. 28, 2006) ..................... 12

Goodin v. Vandley
  356 F.Supp.3d 935 (N.D. Cal. 2018) ........................................................*passim*

Gulfstream Aerospace Corp. v. Mayacamas Corp.
  485 U.S. 271 (1988) ......................................................................................... 13

Montanore Minerals Corp. v. Bakie
  867 F.3d 1160 (9th Cir. 2017) ............................................................... 8, 12, 13

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.
  460 U.S. 1 (1983) .................................................................................. 8, 10, 11, 13

Nakash v. Marciano
  882 F.2d 1411 (9th Cir. 1989) ................................................................ 5, 7, 8, 12

Puck v. WP Pacific, Inc.
  No. SA CV 06-1108 DOC (MLGx), 2007 WL 2316952 (C.D. Cal. Jan. 17, 2007) .................................................................................................. 9

R.R. Street & Co. v. Transport Ins. Co.
  656 F.3d 966 (9th Cir. 2011) ...................................................................... 8, 12

ScripsAmerica, Inc. v. Ironridge Global LLC
 56 F.Supp.3d 1121 (C.D. Cal. 2014) ................................................................. 5

Seneca Insurance Co. v. Strange Land, Inc.
 862 F.3d 835 (9th Cir. 2017) ............................................................... 10, 11, 12

Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.
 896 F.Supp. 973 (N.D. Cal. 1995) .................................................................... 9

**State Cases**

The Inland Oversight Committee v. City of San Bernardino
 27 Cal.App.5th 771, 780 (2018) ....................................................................... 9

Merry v. Coast Community College Dist.
 97 Cal.App.3d 214 (1979) ................................................................................ 7

Williams v. Horvath
 16 Cal.3d 834 (1976) ...................................................................................... 11

**Other Authorities**

1B Moore's Federal Practice (2d ed.) p. 0.405(1) ..................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case turns on the decision by the City of San Bernardino ("City") to deny a bid by Pepe's Inc. ("Plaintiff") to join the City's non-consent tow rotation list. The City rejected Plaintiff's bid because Plaintiff failed to meet the statutory requirement of maintaining an outdoor storage lot of at least 65,000 square feet. As a result, Plaintiff now alleges that decision violated its right to equal protection because the statute is not equally enforced against tow contractors with whom the City previously contracted and whom the City grandfathered in from the outdoor lot size requirement. Plaintiff also alleges the City's denial was a form of retaliation directed against Plaintiff—in violation of the First Amendment—because Plaintiff attempted to inform the City about the failure of the grandfathered tow contractors to comply with the terms of their contracts.

Two days after Plaintiff filed this federal lawsuit, Plaintiff filed a parallel suit in state court. While the state lawsuit involves only an equal protection claim, it largely mirrors Plaintiff's federal lawsuit. The facts are identical, and the parties largely overlap.[1] In fact, large portions of the state court petition are copied verbatim from the federal complaint.

Despite the similarities between the two suits, they currently differ in one key regard: their progress. Whereas the state court issued a final judgment on the merits that is currently being appealed by Plaintiff, this lawsuit has yet to result in any decisions on the merits. In fact, to date, no discovery has taken place. Thus, the City seeks to stay the current lawsuit pursuant to the <u>Colorado River</u> doctrine. Absent a stay, there is a significant risk that the parties will be required to expend substantial resources pursuing a judgment that either (1) duplicates the holding

---

[1] While the federal lawsuit names individual defendants, all such named defendants are either current or former employees of the City.

already reached by the state court or (2) contradicts the state court's judgment. The latter will paralyze the City, leaving it without clear guidance as to whether the resolutions controlling its tow rotation system are constitutional or not. A close examination of the Colorado River factors, as detailed below, makes it clear that a stay is warranted in this instance.

## II. BACKGROUND

On October 24, 2018, Plaintiff filed the current lawsuit against the City and a number of individual defendants (collectively, "Defendants"). (ECF No. 1) In its original complaint, Plaintiff alleged the Defendants violated its right to equal protection and its right to free speech pursuant to both the United States and California constitutions. (Id. at ¶¶ 104–127.) Plaintiff also alleged claims for violation of 42 U.S.C. §§ 1985(3) and 1986. (Id. at ¶¶ 144.) While Plaintiff has since amended its complaint three times,[2] and has subsequently abandoned its §§ 1985(3) and 1986 claims,[3] the core of Plaintiff's allegations remain the same.

Plaintiff's claims center on the City's practice—which has been in place since 1995—of contracting with private tow companies ("Tow Contractors") for non-consent towing and storage services. (TAC at ¶¶ 25–29.) Plaintiff alleges that in 2005 the City adopted Resolution 2005-286, which, among other requirements, obligated all future tow operators contracting with the City to maintain a minimum outside storage yard of at least 65,000 square feet. (Id. at ¶¶ 30–44.) Resolution 2005-286 exempted current Tow Contractors through a "grandfather" provision. (Id. at ¶¶ 42, 49–51.) Plaintiff also alleges that on April 4, 2011, the City adopted

---

[2] Plaintiff filed a First Amended Complaint on December 21, 2018. (ECF No. 16.) On February 7, 2019, Plaintiff filed a Second Amended Complaint. (ECF No. 21.) Plaintiff filed the operative complaint—the Third Amended Complaint ("TAC")—on March 14, 2019. (ECF No. 24.)

[3] The Court dismissed Plaintiff's Sections 1985 and 1986 claims on April 25, 2019, noting that Plaintiff "d[id] not oppose" Defendant's motion to dismiss these claims. (ECF No. 24 a p. 1.)

Resolution No. 2011-80, which granted the Tow Contractors—who had previously been operating on a month-to-month basis—a five year contract with an option for the City to renew the contracts for an additional five years. (Id. at ¶¶ 65, 80.) The City exercised this option in 2016. (Id. at ¶ 80.) Plaintiff further alleges that beginning in 2017 it submitted numerous reports to the San Bernardino Police Department, the City Manager, the City Council, and other City officials detailing the Tow Contractors' lack of compliance with their City contracts. (Id. at ¶¶ 84–114.) Plaintiff alleges the City ignored these reports and took no action. (Id. at ¶ 111.)

On March 7, 2018, the City adopted Resolution 2018-65 which opened a new position on the City' tow rotation list. (Id. at ¶ 119.) The City issued a Request for Proposal ("RFP"), and Plaintiff submitted a bid. (Id. at ¶ 120.) However, the City rejected Plaintiff's bid because of Plaintiff's failure to maintain an outdoor storage lot of at least 65,000 square feet as required by the RFP and Resolution 2005-286. (Id. at ¶ 124.) In turn, Plaintiff appealed the denial, and when this did not result in Plaintiff being awarded a contract, Plaintiff filed this lawsuit. (Id. at ¶ 130.)

Plaintiff claims that the City's denial constituted an act of retaliation in violation of the First Amendment of United States and California constitutions. (Id. at ¶¶ 165–178.) Plaintiff further argues that the denial violated the Equal Protection clause of the United States and California Constitutions because the City did not impose a 65,000 square foot requirement on the grandfathered Tow Contractors. (Id. at ¶¶ 155–164.) Plaintiff alleges that the City had no rational basis for applying the 65,000 square foot requirement to it but not to the Tow Contractors. (Id. at ¶¶ 156–157.)

Two days later, on October 26, 2018, Plaintiff filed a verified petition for writ of mandamus in the Superior Court of the State of California, County of San Bernardino ("Writ"). (RJN, Exh. A.) The Writ mirrored Plaintiff's federal complaint. It detailed the City's practice of contracting with tow operators to

perform non-consent tows, (Id. at ¶¶ 7–10); the various resolutions adopted between 2005 and 2018, (Id. at ¶¶ 11–40); Plaintiff's presentation of alleged evidence of noncompliance by the Tow Operators, (Id. at ¶¶ 41–61); the City's issuance of the RFP (Id. at ¶ 62); and the City's subsequent denial of Plaintiff's bid based on its lack of an outdoor storage yard of at least 65,000 square feet as required by Resolution 2005-286. (Id. at ¶¶ 63–73.) Plaintiff argued that the City's decision to deny its application based on the requirements imposed by Resolution 2005-286 violated the Equal Protection clauses of United States and California constitutions because (1) these same requirements were not imposed on the Tow Contractors and that (2) this difference in treatment lacked a rational basis. (Id. at ¶¶ 88–89.) Plaintiff prayed for the state court to declare Resolution 2005-286 invalid and void and to either compel the City to enter into a contract with it for non-consent tow services or to reconsider its application without the 65,000 square foot requirement. (Id. at pp. 17–18.)

On September 13, 2019, the Writ came on for hearing before the Superior Court of San Bernardino County in Department S26, the Honorable David Cohn presiding. After reviewing the parties' briefs and hearing oral arguments from both the City and Plaintiff, Judge Cohn decided to reach the merits of Plaintiff's equal protection claim. Judge Cohn ultimately decided that the City did not violate Plaintiff's right to equal protection because the City had a rational basis for the disparate treatment between Plaintiff and the Tow Contractors. Judge Cohn held:

> So the standard is, is there a rational basis ordinance?
> And I think there is. The rational basis being that the
> existing contractors have long-standing relationships with
> the City. They have proven themselves to be able to do
> the job properly without [the 65,000 square foot]
> requirement.

(RJN, Exh. B, Judgement Denying Peremptory Writ of Mandamus ("Judgement"), Exh. A at 23:3–8.) On October 15, 2019, the Superior Court entered judgment.

(RJN, Exh. B.) On November 13, 2019, Plaintiff filed an appeal of the Superior Court's judgment. (RJN, Exh. C.)

## III. THE COURT SHOULD ABSTAIN IN ACCORDANCE WITH *COLORADO RIVER*

Colorado River abstention should be exercised where there is a pending state action arising out of the same controversy, based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. (Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976) (internal quotation marks omitted).) Concurrent with filing its first federal complaint in this Court, Plaintiff filed a petition for writ of mandate in the Superior Court of California, County of San Bernardino. The two lawsuits are largely identical, centering on the same ordinances and conduct. However, whereas this lawsuit has yet to start discovery, the Superior Court has already entered judgment in favor of the City. Thus, given the overlap between the two lawsuits, and the progress made in the Writ action, this Court should abstain pursuant to Colorado River.

### A. The Threshold Question of Whether the Cases Are Substantially Similar Is Satisfied

"The threshold question when considering the Colorado River doctrine is whether the state and federal actions are 'substantially similar.'" (Goodin v. Vandley, 356 F.Supp.3d 935, 944 (N.D. Cal. 2018) (quoting Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).) "This inquiry examines whether the suits involve the same parties and the same claims." ScripsAmerica, Inc. v. Ironridge Global LLC, 56 F.Supp.3d 1121, 1147 (C.D. Cal. 2014).) "[E]xact parallelism . . . is not required." (Nakash, 882 F.2d at 1416.)

For example, in Goodin, the district court held that parallel state and federal cases were substantially similar even when the two cases alleged completely different causes of action. (Goodin, 356 F.Supp.3d at 944.) Both cases—brought by

the same plaintiffs—involved the conduct of a board member who was terminated for wrongful acts and subsequently misappropriated the company's website. Id. at 941–43. Plaintiffs first filed suit in state court—alleging a host of claims including breach of fiduciary duty, conversion of domain name, and misappropriation of trade secrets—before filing a lawsuit in federal court. (Id. at 942.) The federal lawsuit included claims for computer fraud and abuse and cybersquatting. (Id.) When the ex-board member sought to stay the federal suit pursuant to Colorado River, the plaintiffs argued that a stay was not appropriate because in the federal lawsuit "they [we]re seeking to vindicate their rights under federal law and they would be entitled to different remedies under federal law." (Id. at 944.) The district court rejected this argument, noting that "this is not the rule—state and federal proceedings are substantially similar if they arise out [of] the same alleged conduct and seek to vindicate the same right." (Id.) Thus, because "[i]n both actions [the p]laintiffs [we]re seeking to vindicate their rights to the domains and the [company's] computer system and their right to exclude [the d]efendant from using or accessing the same," the threshold issue of whether the cases were substantially similar was satisfied. (Id.)

This case and the Writ are substantially similar. Both lawsuits concern Plaintiff's allegations that the City violated Plaintiff's constitutional rights when the City denied Plaintiff's bid for a position on the tow rotation system. The resolutions are identical, as is the complained of conduct.[4] Furthermore, the legal questions presented in the two lawsuits largely overlap. Both cases require the courts to

---

[4] While the federal lawsuit does include individual defendants in addition to the Mayor and City Council, this is not enough to find that the cases are not substantially similar. "[F]or the actions to be substantially similar for purposes of the Colorado River doctrine, the parties in each action need not be identical." Abcarian v. Levine, CV 16-7106-GHK (JPRx), 2016 WL 7189899, at *4 n.3 (C.D. Cal. Nov. 28, 2016) (citing Fireman's Fund Ins. Co. v. Quackenbush, 87 F.3d 290, 297 (9th Cir. 1996)).

scrutinize whether the City's practice of grandfathering the Tow Contractors violates the equal protection clause of both the federal and California constitutions.

While this lawsuit does differ from the Writ because it includes a First Amendment claim, this is not enough to render the two cases dissimilar. To the extent the Writ results in a final valid judgment in the City's favor, it precludes Plaintiff's First Amendment claim raised in this action because "a final valid judgment is 'conclusive on the parties, . . . as to all matters, fact and law, that were or should have been adjudicated in the proceeding.'" (Merry v. Coast Community College Dist., 97 Cal.App.3d 214, 224 (1979) (quoting 1B Moore's Federal Practice (2d ed.) P 0.405(1) at 624).) Plaintiff spends a significant portion of his state court petition discussing his efforts to inform the City and the San Bernardino Police Department of the alleged noncompliance of the Tow Contractors, giving him amble opportunity to raise a First Amendment claim in the Writ. (RJN, Exh. A at ¶¶ 41–61.) However, Plaintiff ultimately decided not to do so. Ultimately, the measure of substantial similarity looks at the alleged conduct and the named parties, not the causes of action pled. (See Nakash v. Marciano, 882 F.2d 1411, 1416–17 (9th Cir. 1989) (holding that substantial similarity existed, when despite different claims being pled in the state and federal actions, the cases involved the same parties and the same conduct).) Thus, because the Writ and this case involve the same ordinances, the same conduct, and the same parties, this threshold factor is satisfied.

### B. The Majority of Factors Favor a Stay

In determining whether to abstain, a court considers eight factors: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before

the federal court." (<u>Montanore Minerals Corp. v. Bakie</u>, 867 F.3d 1160, 1166 (9th Cir. 2017) (reversing trial court order refusing to abstain, and directing trial court to abstain under <u>Colorado River</u>).) These factors are to be considered and balanced in "a pragmatic, flexible manner with a view to the realities of the case at hand . . . ." (<u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 16 (1983).) The factors are not a "mechanical checklist," and each one need not be met to warrant the issuance of a stay. (<u>Id</u>.) As discussed below, the majority of these factors favor a stay, whereas those that do not are either neutral or irrelevant.

1. *Which Court First Assumed Jurisdiction Over Any Property at Stake*

There is no property at issue in these lawsuits; thus this factor is irrelevant and can be disregarded. (See <u>Goodin v. Vendley</u>, 356 F.Supp.3d 935, 945 (N.D. Cal. 2018) ("Factors that are irrelevant to the particular inquiry are disregarded.") (citing <u>Nakash v. Marciano</u>, 882 F.2d 1411, 1415 n.6 (9th Cir. 1989).)

2. *The Inconvenience of the Federal Forum*

This factor is neutral because the courthouses are both located in Southern California and are readily accessible by the parties. (See <u>Nakash</u>, 882 F.2d at 1415 n.6 (disregarding factor when both "forums [we]re equally convenient.").)

3. *The Desire to Avoid Piecemeal Litigation*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." (<u>Am. Int'l Underwriters (Philippines) Inc. v. Cont'l Ins. Co.</u>, 843 F.2d 1253, 1258 (9th Cir. 1988).) "For this factor to favor a stay, 'the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding, and which 'the court could [not] have avoided by other means.'" (<u>Montanore</u>, 867 F.3d at 1167 (quoting <u>R.R. St.</u>, 656F.3d at 979).) "[T]his factor tips strongly in favor of a stay [when] there is clearly the chance of duplicative effort

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CA 91761

and conflicting results . . . ." (Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc., 896 F.Supp. 973, 976 (N.D. Cal. 1995).)

For example, in Puck v. WP Pacific, Inc., the district court held that this factor weighed heavily in favor of a stay when a state lawsuit by restaurant operators against a restaurant licensor, and a similar federal lawsuit by the licensor against the operators, both centered on whether the operators had the proper consent to use the licensor's trademarks. (No. SA CV 06-1108 DOC (MLGx), 2007 WL 2316952, at *1–2 (C.D. Cal. Jan. 17, 2007).) Even though the parties and claims differed slightly between the two suits, the district court held there was substantial risk of piecemeal litigation because "the factual and legal issues in [the lawsuits] [we]re so similar as to necessitate parallel discovery and adjudication . . . ." (Id. at *4.) And in Goodin, in which both the federal and state law cases involved the defendant's "alleged misappropriation of . . . domain names and unauthorized access of [a computer] system," the district court held that this factor warranted a stay because there was "(1) an inherent risk of inconsistent results if both courts proceed[ed] with th[e] claims at the same time, and (2) likelihood that whichever court decides the issue first w[ould] have a preclusive effect on the claims and/or issues pending before the other court." (Goodin, 356 F.Supp.3d at 945 (citing Colorado River, 424 U.S. at 819).)

Here, there is substantial risk of piecemeal litigation. While the Superior Court has already issued a judgment holding that Resolution 2005-286 does not, and the City's denial of Plaintiff's bid did not, violate the equal protection clause of the United States and California constitutions, in California, "a judgment is not final for purposes of res judicata during the pendency of and until the resolution of the appeal." (The Inland Oversight Committee v. City of San Bernardino, 27 Cal.App.5th 771, 780 (2018).) Thus, absent a stay, it is very likely that the parties will be forced to endure the cost and burden of discovery—which to date has not commenced in this action—and a federal trial, all while the Writ action is being

appealed. Furthermore, there is the chance that contradictory rulings will be issued, and such an outcome would throw the City's tow rotation system into chaos. The City would have no clear indication as to whether its current contracting requirements were constitutional and would be forced to choose between scraping its current tow rotation system—thus, incurring the cost of going through a new RFP process, as well as facing the risk of litigation for wrongfully terminating the Tow Contractor's current contracts—or continuing to operate a system that potentially violates the equal protection clause. The highly disruptive impact of an inconsistent ruling and the inefficiency of pursuing dual tracks of litigation that could result in such a ruling warrant a stay.

4. *The Order in Which the Forums Obtained Jurisdiction*

"In determining the order in which the state and federal courts obtained jurisdiction, district courts are instructed not simply to compare filing dates, but to analyze the progress made in each case 'in a pragmatic, flexible manner with a view to the realities of the case at hand.'" (Seneca Insurance Co. v. Strange Land, Inc., 862 F.3d 835, 843 (9th Cir. 2017) (quoting Cone Mem'l Hosp., 460 U.S. at 21).) For example, in Seneca, the Ninth Circuit upheld the district court's determination that this factor weighed against the stay when the federal action had been filed two months before the state action, "neither case ha[d] progressed significantly further than the other," and "neither court had resolved any foundational legal claims." The opposite is true here. While Plaintiff filed this lawsuit two days before filing the Writ, unlike in Seneca, the Writ has progressed significantly further. The Superior Court reached a decision on the merits, which Plaintiff subsequently appealed. The appeal is currently pending. In contrast, in this lawsuit, the Court has yet to resolve any foundational legal claims, and the parties have yet to conduct any discovery. Thus, this factor warrants a stay.

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CA 91761

21466.00037\32214816.1

10

Case No. 5:18-cv-02277-SVW (SPx)
MEMORANDUM OF POINTS AND AUTHORITIES

### 5. *Whether Federal Law or State Law Provides the Rule of Decision on the Merits*

Plaintiff's TAC alleges causes of action under both the federal and California constitutions. Generally, "[t]he presence of federal-law issues must always be a major consideration weighing against surrender [of jurisdiction]." (Moses Cone, 460 U.S. at 26.) However, "the source-of-law factor has less significance" where "the federal courts' jurisdiction . . . is concurrent with that of the state courts." (Id. at 25.) Here, the Superior Court has concurrent jurisdiction over Plaintiff's federal civil rights claims. (See Williams v. Horvath, 16 Cal.3d 834, 837 (1976) (holding that state courts have concurrent jurisdiction over federal civil rights actions).) Thus, this factor should be treated as neutral.

### 6. *Whether the State Court Proceedings Can Adequately Protect the Rights of the Federal Litigants*

"This factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights." (Goodin, 356 F.Supp.3d at 946 (citing Moses Cone, 460 U.S. at 26–27); see Seneca, 862 F.3d at 845 ("The adequacy factor looks to whether the state court might be unable to enforce federal rights.").) This factor "pertains to whether there is an impediment to the state court protecting the litigants' federal rights . . . ." (Id.) For example, in Moses Cone, the Supreme Court held this factor weighed against a stay when there were substantive questions as to whether a state court could compel arbitration pursuant to the Federal Arbitration Act. (Moses Cone, 460 U.S. at 26–27.) Here, the Superior Court undoubtedly has the ability to render judgment on and enforce Plaintiff's constitutional claims. (See Williams, 16 Cal.3d at 837 (noting that "absent an exclusive grant of jurisdiction to the federal courts in [a] congressional act, state courts of general jurisdiction have concurrent authority to adjudicate federally created causes of action.").)

### 7. *The Desire to Avoid Forum Shopping*

"When evaluating forum shopping under *Colorado River*, we consider whether either party improperly sought more favorable rules in its choice of forum or pursued suit in a new forum after facing setbacks in the original proceeding." (Seneca, 862 F.3d at 846 (citing Nakash, 882 F.2d at 1417).) Generally, courts hold this factor weighs in favor of a stay when a plaintiff files suit in the federal forum after receiving an unfavorable ruling in the state court. (See Nakash, 882 F.2d at 1417 (finding forum shopping when plaintiff filed federal lawsuit after receiving unfavorable holding in state lawsuit commenced three and a half years earlier).) In at least one instance, a district court held that this factor favored a stay when there was a risk "that allowing a substantially similar federal action to proceed would likely encourage forum shopping." (Gintz v. Jack In The Box, Inc., No. C 06-02857, 2006 WL 3422222, at *7 (N.D. Cal. Nov. 28, 2006).)  Here, Plaintiff is engaged in forum shopping.  Even though Plaintiff filed his federal lawsuit first, and did so prior to receiving the Superior Court's unfavorable ruling, any effort on its part to push its federal case forward at this point constitutes forum shopping because it constitutes "[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." (R.R. Street & Co. v. Transport Ins. Co., 656 F.3d 966, 981 (9th Cir. 2011) (internal quotations and citation omitted).) The Superior Court entered an unfavorable judgment against Plaintiff; to the extent Plaintiff disagrees with this judgment, it should be obligated to pursue an appeal instead of hoping that this forum will issue a conflicting judgment.  Thus, this factor favors a stay.

### 8. *Whether the State Court Proceedings Will Resolve All Issues Before the Federal Court*

Regarding the last factor, courts "consider 'whether the state court proceeding sufficiently parallels the federal proceeding' in order 'to ensure comprehensive disposition of litigation.'" (Montanore, 867 F.3d at 1170 (quoting

R.R. St., 656 F.3d at 928).) A stay is appropriate "if [the court] has full confidence that the parallel state proceeding will 'be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" (Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 277 (1988) (quoting Moses Cone, 460 U.S. at 28). "[Courts] do not require 'exact parallelism' under this factor; it is sufficient if the proceedings are 'substantially similar.'") (Montanore, 867 F.3d at 1170 (internal quotation marks omitted).) For the reasons explained in Section III.A, this case and the Writ parallel one another, and resolution of the state court proceeding will resolve all issues before this Court.

### C. Abstention Under *Colorado River* Requires a Stay Pending Completion of the State Proceedings

Where a court abstains under Colorado River, the appropriate course of action is to "enter an order staying the action pending the completion of the state proceedings." (Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 246 (9th Cir. 1989); see Montanore, 867 F.3d at 1171 (remanding to district court with direction "to stay the federal proceedings").) A stay "ensures that the federal forum will remain open if for some unexpected reason the state forum . . . turn[s] out to be inadequate." (Attwood, 886 F.2d at 243.)

### IV. CONCLUSION

Abstention under Colorado River is well supported in this case. The Superior Court has issued a final judgment on the merits which is currently pending appeal by Plaintiff, and there is significant risk of conflicting judgments if this lawsuit is permitted to move forward. Thus, Defendants respectfully invite the Court to invoke Colorado River abstention, in light of Plaintiff's pending appeal of the Superior Court's judgment, and based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." (Colorado River, 424 U.S. at 817 (internal quotation marks omitted).) The Court should retain jurisdiction over the federal

court claims but stay further action on them pending completion of the parallel state proceedings.

Dated:     December 13, 2019          BEST BEST & KRIEGER LLP

By: */s/ Richard T. Egger*
    RICHARD T. EGGER
    DAMIAN A. NORTHCUTT
    AVI W. RUTSCHMAN
    Attorneys for Defendants
    CITY OF SAN BERNARDINO;
    VIRGINIA MARQUEZ, BENITO J.
    BARRIOS, JOHN VALDIVIA, FRED
    SHORETT, BESSINE L. RICHARD,
    JAMES L. MULVIHILL, R. CARE
    DAVIS, JARROD BURGUAN, PAU.
    WILLIAMS, GARY D. SAENZ, JOLENA
    GRIDER, ANDREA MILLER, ANDREA
    TRAVIS MILLER; and MARK SCOTT

LAW OFFICES OF
BEST BEST & KRIEGER LLP
2855 E. GUASTI ROAD, SUITE 400
ONTARIO, CA 91761